UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELDON GALE SAMUEL, III,<br><br>                Petitioner,<br><br>   v.<br><br>TEREMA CARLIN, Warden of the<br>Idaho Correctional Institution – Orofino,<br><br>                Respondent. | Case No. 2:20-cv-00545-REB<br><br>**INITIAL REVIEW ORDER** |

       Petitioner Eldon Gale Samuel, III, through counsel, has filed a Petition for Writ of Habeas Corpus challenging Petitioner's Idaho convictions. *Dkt. 1*. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases ("Habeas Rules").

## REVIEW OF PETITION

### 1.     Standard of Law for Review of Petition

       Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

2. **Discussion**

Following a jury trial in the First Judicial District Court in Kootenai County, Idaho, Petitioner was convicted of one count of second-degree murder and one count of first-degree murder, stemming from the deaths of Petitioner's father and brother. Petitioner was sentenced to a unified term of 15 years in prison with 10 years fixed for the murder of his father, and a united term of life in prison with 20 years fixed for the murder of his brother. The sentences were ordered to be served concurrently. The Idaho Supreme Court affirmed. *See Dkt. 1*.

Petitioner now seeks federal habeas relief. Petitioner may proceed on the Petition to the extent that the claims (1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or are subject to a legal excuse for any failure to exhaust in a proper manner. The Court will order the Clerk to serve a copy of the Petition on counsel for Respondent, who may respond either by answer or pre-answer motion and who must provide relevant portions of the state court record to this Court.

**ORDER**

**IT IS ORDERED:**

1. The Clerk of Court will serve (via ECF) a copy of the Petition (Dkt. 1), along with any attachments, together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

2. **Within 120 days** after service of the Petition, Respondent may file either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief, on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative).

3. Respondent must file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations—which must be provided to the Court if the Petition contains any sentencing claims—must be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

4. If the response to the habeas petition is an answer, Petitioner may file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served **within 28 days** after service of the answer and brief. Respondent has the option of filing a sur-

reply **within 14 days** after service of the reply. At that point, the case will be deemed ready for a final decision.

5. If the response to the habeas petition is a motion, Petitioner's response must be filed and served **within 28 days** after service of the motion, and Respondent's reply, if any, must be filed and served **within 14 days** thereafter.

6. In the response to the habeas petition, whether a motion or an answer and brief, Respondent must include citations to all portions of the state court record that support Respondent's assertions. Although Respondent may include citations to a state appellate court decision that describes events that took place in a lower court, Respondent must also include citations to the underlying lower court record.

DATED: May 4, 2021

_____
Ronald E. Bush
Chief U.S. Magistrate Judge